CORE CONTRACTING COMPANY ET AL. *v.* ROLAND M. SCHAEFFER ET AL.

*Workmen's Compensation—Appeal by Sub-contractor—Principal Contractor as Party.*

Upon appeal by a subcontractor from an award by the Industrial Accident Commission against both the subcontractor and the principal contractor, and their insurers, the principal contractor and its insurer, as being pecuniarily interested in having the award confirmed as to the subcontractor, in order that they might have, under Code, art. 101, sec. 62, a right of indemnity against the latter, were entitled to participate in the trial and argument, though not named as parties in the titling of the case, it being better practice, however, in such a case for a party desiring to participate as a defendant to petition petition to have the titling amended.

*Decided December 1st, 1926.*

Appeal from the Superior Court of Baltimore City (Stein, J.).

Claim by Roland M. Schaeffer against the J. Arthur Limerick Company and the Core Contracting Company, employers, and the Maryland Casualty Company and the Empoyers' Liability Assurance Corporation, insurers. From a judgment affirming an award by the commission against said employers and insurers, the Core Contracting Company and its insurer, the Employers' Liability Assurance Corporation, appeal. Affirmed.

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Walsh, JJ.

John H. Skeen, with whom were Emory, Beeuwkes & Skeen on the brief, for the appellants.

William W. Powell, with whom was Paul Johannsen on the brief, for Roland M. Schaeffer, appellee.

William K. Lloyd, with whom was Austin J. Lilly on the brief, for the J. Arthur Limerick Company and the Maryland Casualty Company, appellees.

Digges, J., delivered the opinion of the Court.

This case was heard in the Superior Court of Baltimore City on an appeal by the Core Contracting Company, a body corporate, and the Employers' Liability Assurance Corporation, Limited, of London, England, from the finding of the Industrial Accident Commission of Maryland awarding compensation to Roland M. Schaeffer. That appeal resulted in a confirmance of the decision of the commission, from which judgment this appeal is taken. Subsequent to the determination in the lower court the appellants filed a motion in arrest of judgment, assigning as reasons therefor: "1. Because the jury have not, in their verdict, found in accordance with and in reference to the different issues in the case. 2. Because of the entry of appearance in the case of counsel for the J.

Arthur Limerick Company and the Maryland Casualty Company. 3. Because of the part taken in the trial of the case by counsel for clients not parties to the proceedings." This motion was overruled.

There are four exceptions contained in the record, the first, third and fourth of which relate to the same question raised by the motion in arrest of judgment. The second exception is to the action of the court in its rulings on the prayers. These rulings are now conceded to be correct, in the brief of the appellants and at the argument in this court, with the possible exception of the court's rejection of the appellants' first prayer. The record therefore discloses that there is only one real question involved in the case, namely, whether or not the J. Arthur Limerick Company and the Maryland Casualty Company, its insurer, were entitled to participate in the trial in the lower court, by being represented by counsel and through this counsel cross-examining witnesses and addressing the jury. If this question is answered in the affirmative, it is conceded by the appellants that there was no error in any of the rulings of the lower court. Should, however, this question be answered in the negative, the further question could arise as to whether or not the participation in the trial, as stated, by the J. Arthur Limerick Company and the Maryland Casualty Company, resulted in injury to the appellants; or, in other words, if it was error, is it reversible error?

It is necessary to briefly summarize the facts, in order to show the status of the case and the situation of the parties at the time of the trial below, when the court permitted counsel for the J. Arthur Limerick Company and the Maryland Casualty Company to participate in the trial.

In its inception the case grew out of an accident resulting in the injury to Roland M. Schaeffer, a general employee of the appellant, the Core Contracting Company. The J. Arthur Limerick Company, as principal contractor, had been awarded a contract for the erection of a war memorial in the Fifth Regiment Armory in Baltimore City. In the performance of this contract it was necessary to have iron and

wood work done, and also to have erected a scaffold for the purpose of doing this work and putting the memorial tablet in place. The J. Arthur Limerick Company, being bronze founders and manufacturers of metal ornaments, subcontracted with Dietrich Brothers for the doing of the iron and wood work, and with Tase & Norris Company for the erection of the scaffold; and in turn Dietrich Brothers employed the Core Contracting Company to perform the work for which they had contracted. The day the accident occurred the scaffold had been erected near one of the entrances to the armory, and on this day the Limerick Company was notified that the use of the armory would be required that night for the holding of a political meeting therein, and was told that the scaffold at the entrance must be moved. Schaeffer, the claimant, was on the scaffold engaged in iron work contracted to be done by the Core Contracting Company, his employer. Martin D. Chapman, Schaeffer's immediate superior, was not present on the day of the accident, having left Baltimore, leaving Schaeffer in charge of his work, with instructions to hurry it along and take whatever instructions the Limerick Company people gave him, which, from the record, appeared to be the location of holes to be drilled for the purpose of attaching the tablet. Some time in the afternoon an employee of the city appeared for the purpose of moving the scaffold; thereupon the claimant, Schaeffer, who was at that time working on the scaffold, came down and stood in the street near the entrance to the armory. Thereafter the city employee requested those standing around, both the employees of the Limerick Company and the Core Contracting Company, to help move the scaffold. This the claimant Schaeffer did, and while the scaffold was being removed it collapsed and injured Schaeffer.

Shortly after the injury application was made to the State Industrial Accident Commission for compensation. Subsequently a hearing was had, participated in by the J. Arthur Limerick Company and its insurer, the Maryland Casualty Company, and the Core Contracting Company and its insurer, the Employers' Liability Assurance Corporation; at

which hearing the issues presented for determination were: (1) Whether the claimant met with an accident arising out of and in the course of his employment; (2) whether the disability complained of is the result of an accident arising out of and in the course of the injured's employment; and (3) to determine any other issue of law or fact pertinent to the case. The finding of the commission was: That Roland M. Schaeffer was an employee of the Core Contracting Company, and that the J. Arthur Limerick Company was principal contractor; that the insurer of the J. Arthur Limerick Company, principal contractor, is the Maryland Casualty Company, and the insurer of the Core Contracting Company, subcontractor and employer, is the Employers' Liability Assurance Corporation. Upon which finding it was ordered: That the J. Arthur Limerick Company, principal contractor, and the Maryland Casualty Company, insurer, and the Core Contracting Company, subcontractor and employer, and the Employers' Liability Assurance Corporation, insurer, pay unto Roland M. Schaeffer compensation at the rate of eighteen dollars per week, payable weekly, during the continuation of his disability, subject to the provisions of the Workmen's Compensation Law, said compensation to begin as of the 4th day of October, 1924, and that final settlement receipt be filed with the commission in due time. From this finding and order the appellants herein, the Core Contracting Company and its insurer, prayed an appeal to the Superior Court of Baltimore City in the following form:

"Core Contracting Company, a body corporate, and the Employers' Liability Assurance Company, Limited, of London, England, they and each of them, hereby appeals from the orders of the State Industrial Accident Commission of Maryland, passed on the 27th day of January, 1925, and on the 28th day of January, 1925, in a matter pending before said Commission on the application of the Employers' Liability Assurance Corporation, Limited, of London, England, and Paul Johannsen, Esq., for and on account of the injuries of one Roland M. Schaeffer, relating to the awarding of compensation to the said Roland M.

Schaeffer, and prays that the Court determine whether the said Commission has considered all the facts concerning the injury of the said Roland M. Schaeffer; whether it has exceeded the powers granted it by Chapter 800 of the General Assembly of Maryland for the year 1914, and all additions and amendments to it; and whether it has misconstrued the law and facts applicable to said matter, and whether the said commission had jurisdiction over the said claim, and the Core Contracting Company, a body corporate, and The Employers' Liability Assurance Corporation, Limited, of London, England, and each of them, prays that all the papers and proceedings concerning said matter may be transmitted by said commission to this court."

At the trial, upon the application of the appellants, the following issues of fact were submitted to the jury:

"Issue No. 1. Was Roland M. Schaeffer, at the time of the accident referred to in the evidence, on October 1, 1924, an employee of the Core Contracting Company?

"Issue No. 2. Did the injury to Roland M. Schaeffer, referred to in the evidence, on October 1, 1924, arise out of and in the course of his employment by the Core Contracting Company?"

The record further discloses that over the objection of the appellants, counsel for the Limerick Company and the Maryland Casualty Company was permitted to take part in the trial by examining and cross-examining witnesses and addressing the jury. As stated, the correctness of the action of the trial court in this respect is the real question for determination. The title of the case, as docketed on appeal in the Superior Court, was: "Core Contracting Company, a body corporate, and Employers' Liability Assurance Corporation, Limited, of London, England, vs. Roland M. Schaeffer." It will thus be seen that the J. Arthur Limerick Company and the Maryland Casualty Company, so far as the title indicates, were not parties to the appeal.

Article 101 of the Annotated Code of 1924, entitled "Workmen's Compensation," sec. 62, provides:

"When any person as a principal contractor, undertakes to execute any work which is a part of his trade, business or occupation which he has contracted to perform and contracts with any other person as sub-contractor, for the execution by or under the sub-contractor, of the whole or any part of the work undertaken by the principal contractor, the principal contractor shall be liable to pay to any workman employed in the execution of the work any compensation under this article which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal contractor, then, in the application of this article, reference to the principal contractor shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed.

"Where the principal contractor is liable to pay compensation under this section, he shall be entitled to indemnity from any employer, who would have been liable to pay compensation to the employee independently of this section, and shall have a cause of action therefor against such employer.

"Nothing in this section shall be construed as preventing a workman from recovering compensation under this article from the sub-contractor instead of from the contractor.

"Whenever an employee of a sub-contractor files a claim under this article against the principal contractor, the principal contractor shall have the right to join the sub-contractor or any intermediate contractors as defendant or co-defendant in the case."

Construing this section, it is apparent that, under its provisions, whenever an award of compensation is made against a principal contractor for injury received by an employee of

a subcontractor, for which the subcontractor would be liable, the principal contractor is entitled to indemnity from the subcontractor. In this case we have an award against the J. Arthur Limerick Company, the principal contractor, for an injury received by Schaeffer, an employee of the subcontractor, the Core Contracting Company, and also against the Core Contracting Company; the effect of which is, that the J. Arthur Limerick Company is bound to pay the award, but upon its payment is entitled to indemnity from the Core Contracting Company. This was the condition after the award of the commission, from which award no appeal was taken by the principal contractor. Within the time, and in accordance with the provisions relative to appeal from findings and orders of the commission, the Core Contracting Company, the subcontractor, appealed. On this appeal the party named as defendant therein, or against whom the appeal was taken, so far as the title indicates, was Roland M. Schaeffer, the injured party. It is clear that had the jury, on the appeal, decided the issues of fact presented to them in accordance with the contentions of the Core Contracting Company, the result would have been to leave the finding and judgment of the commission standing against the J. Arthur Limerick Company, it not having felt aggrieved at the finding and order of the commission, and not having appealed. Therefore it is equally clear that the J. Arthur Limerick Company and its assurer had a real, definite, and positive pecuniary interest in the outcome of the proceedings on appeal. On the one hand, if the finding and order of the commission was confirmed, it would remain primarily liable for the payment of the award, but would be entitled to indemnity from the subcontractor; while on the other hand, if it was reversed, the subcontractor would be discharged from any liability, and the whole would fall upon the principal contractor. Thus while the principal contractor was not a nominal party, he was, in fact, a real and interested party, whose rights and liabilities were directly and vitally involved in the question to be determined on appeal. In that appeal the real interest of the principal contractor was in direct and positive conflict

and hostility to the contentions made by the subcontractor; which placed him, so far as that appeal was concerned, in the position of a defendant, which position we are of the opinion he was entitled to occupy. We are not willing to deny to the principal contractor this position, simply because the titling did not designate him as a defendant. Sections 56 and 63 of article 101 of the Code provide that the proceedings in every such appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced; and that the rule that statutes in derogation of the common law are to be strictly construed shall have no application to this article, but that it shall be so interpreted and construed as to effectuate its general purpose. Not only this general purpose, but the specific language of section 62 hereinbefore quoted, indicates that the principal contractor, under such circumstances as disclosed by this record, although being primarily liable, is entitled to indemnity from a subcontractor. In our opinion, he should be allowed to participate in the trial of cases such as this, on appeal by the subcontractor.

While we have determined that the principal contractor and its assurer were entitled to participate in the trial of this case in the Superior Court, as parties defendant, even though the titling of the case in that court did not so indicate; we would, however, say that in our opinion the better practice in such cases is for a party desiring to participate in the same as a defendant, to file a petition with the trial court asking that the titling be so amended.

Finding no error in the judgment appealed from, it must be affirmed.

*Judgment affirmed, with costs.*