No. 27,075.

IDA WYANT, *Appellee,* v. THE DOUGLAS COAL COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Independent Contractor—Evidence of Employment — Dependent —Allowance.*   In an action to recover under the workmen's compensation act on account of the death of plaintiff's son, the proceedings considered and held: (*a*) That one Bowser who had a contract with defendant to operate certain entries in defendant's mine was not an independent contractor; (*b*) that deceased was an employee of the defendant; (*c*) that plaintiff was a dependent under the provisions of the workmen's compensation act; (*d*) that the allowance of compensation to plaintiff was not improper.

2. SAME—*Allowance for Medical Services.*   Where a workman's employment was under the compensation act and he died as a result of injuries while so engaged, an allowance for medical services was error.

3. SAME—*Generally.*   Various alleged errors considered and held not to be of substantial merit.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed January 8, 1927. Affirmed in part and reversed in part.

*W. L. Wood,* of Kansas City, for the appellant.
*John A. Hall,* of Pleasanton, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover under the workmen's compensation act on account of the death of plaintiff's son, Clarence Wyant. Plaintiff prevailed, and the defendant appeals.

Clarence Wyant died on February 5, 1925, as the result of an accident sustained by him December 20, 1924, in the Douglas mine in Linn county. He was thirty-four years old and able-bodied; had been mining coal for about eighteen years. The Douglas mine was shut down during a considerable portion of the time during the year preceding Wyant's injury. It was operated, however, most of the time from October 1 to December 20, 1924, during which time Wyant worked except two or three days when he was ill. The average daily earnings of the miners during the year next preceding December 20 was from $5 to $5.50 per day.

The defendant contends that it is not liable because the deceased

Workmen's Compensation Acts, C. J. pp. 100 n. 76, 115 n. 37, 131 n. 67; L. R. A. 1916A 118, 261; L. R. A. 1917D 148, 178; 28 R. C. L. 762, 822.

was employed by one R. G. Bowser, who was an independent contractor operating certain entries in the mine; that the plaintiff was not a member of the deceased's family and not a dependent within the purview of the compensation act, and that if she was a dependent the court erred in the amount of compensation allowed.

A brief history of the case is given by the court's findings which are in substance as follows:

On October 2, 1924, one R. G. Bowser entered into an oral agreement with the defendant to mine the coal in certain entries in the Douglas mine. He was to receive $1.55 per ton; was to hire and did hire all the miners necessary to dig the coal subject to the approval of the defendant company. He was to and did deliver the coal to the cage at the foot of the shaft, from which point the coal was hoisted to the surface by defendant. Out of the $1.55 per ton, Bowser was to pay the men to dig the coal and the drivers of the cars used to haul the coal to the foot of the shaft. The defendant furnished the necessary mules, cars and equipment necessary to haul the coal furnished, the timbers and studs necessary to support the mine and kept all books and records and accounts of the operations of the mine. Under defendant's supervision, Bowser hired and discharged the laborers in the prosecution of the work and was so engaged on December 20, 1924. The defendant reserved the right to see that the work was done according to plans and drawings of the mine, according to the law, and reserved the right to discharge Bowser at any time his operations were not satisfactory. The men hired by Bowser furnished their own tools, paper, fuse and powder, employed their own blacksmith to sharpen and repair the tools, the same to be paid for by the miners and to be deducted from their wages. In order to secure the miners for the labor and services rendered by them, defendant agreed to advance and did advance amounts of money earned by them while working in the mine and the amounts so paid to the workmen, and especially to Clarence Wyant, were deducted from the $1.55 per ton due Bowser for mining coal under his contract. The defendant carried compensation insurance on all the men employed in the mine, including the deceased. On October 14, 1924, Bowser hired the deceased to mine and load coal in the entry, agreeing to pay him $1.40 per ton. The defendant from time to time advanced money to the miners and especially to the deceased, the same being deducted from the amount due him.

Wyant v. Douglas Coal Co.

The defendant at the request of the miners, and especially at the request of the deceased, sold to them and charged to their account on the defendant's books, paper, .powder, and fuse, used by them in the prosecution of their work and deducted the amount thereof from the wages due them. The amount paid by Bowser to the workmen, including the deceased, was $1.40 per ton, this with the consent and approval of the defendant. The last work done by the deceased in the mine was on November 13, 1924, when he put in and fired some shots in the breast of the entry. On November 14 the mine shut down and ceased operation until December 20 following, on which date Bowser requested the men including the deceased to return to work. Wyant, among the other workmen, returned to work. He loaded one car of coal, placed his tools and his father's tools on the car and rode on the car out of the entry and while so doing fell from the car, receiving injuries from which he subsequently died. The plaintiff, Ida Wyant, mother of the deceased, was wholly dependent upon the earnings of Clarence Wyant at the time of the accident and injuries. The defendant paid compensation to Clarence Wyant in the sum of $27.50. Notice of the accident and injury was duly given and demand made for payment of compensation. Consent to arbitrate was duly given and made by the plaintiff upon the defendant. The defendant consented in writing to arbitrate such matters only as were referable to an arbitrator and demanded that all questions of law or law and fact should be tried by the court or to the court and jury. The cause, except as to the issue of amount of compensation and manner of its payment, was tried by the court without a jury. The court concluded that the relationship of master and servant or of employer and employee existed between the deceased, Clarence Wyant, and the defendant on the date of the accident; that the accident and injury arose out of the employment of said Wyant with the defendant; that at the time of the happening of the accident, Bowser was not an independent contractor and that Wyant received his injuries as the result of the accident while in the employment of the defendant; that the defendant was liable to the plaintiff for compensation on account of the accident and injury suffered by Clarence Wyant and that an arbitrator should be appointed.

The defendant moved to set aside the findings on the ground that they were either wholly or in part contrary to the evidence and not

supported by the evidence. The defendant's secretary and superintendent testified, among other things, that the contract and arrangement made by and through Mr. Bowser under and by virtue of which the miners were employed, was adopted in order to avoid the strenuous rules of the union scale. There was evidence that the defendant owned the mine and furnished all equipment; that all the work was done under its supervision; that it carried compensation insurance on all of the miners; that all orders given by the miners upon their wages were entered by the defendant; that it bought the powder and distributed it among the miners as they called for it and deducted the pay from their earnings; that the miners did their own blacksmithing work; that defendant kept all the records showing how much time the miners worked and how much coal they dug; that it furnished the mules for hauling the coal in the mine; looked after and fed the mules; that it furnished all the rails, props and ties; that it paid the top.men, the weigh boss, the engineer and the superintendent; that it reserved the right to say who might be hired and fixed the amount Bowser should pay them; that if Bowser did not do his work to suit the defendant, it reserved the right to discharge him; that the defendant paid the drivers of the mules, and the compensation therefor was deducted from the money due to Bowser under his contract; that it paid all royalties on the coal; that the premium charged under the compensation insurance was based upon the gross pay roll which included the pay of the deceased, Clarence Wyant. Other than as stated, the evidence needs no analysis. It was sufficient in all details to support the findings of the court.

The court concluded that the relationship of master and servant or of employer and employee existed between the defendant and Wyant on December 20, 1924, the date of his accident and injuries; that the accident and injuries arose out of Wyant's employment; that Bowser was not an independent contractor and that Wyant received his injuries as a result of an accident while in the employment of the defendant; that the defendant was liable to plaintiff for compensation on account of the accident and injuries received by Wyant and entitled to recover as his dependent.

The evidence and findings of the court justified the conclusion that Bowser was not an independent contractor and that Wyant was an employee of the defendant. (*Pottorff v. Mining Co.*, 86 Kan.

Wyant v. Douglas Coal Co.

774, 122 Pac. 120; *Maughlelle v. Mining Co.*, 99 Kan. 412, 161 Pac. 907; see, also, 20 A. L. R. 684 *et seq.*, *Gulf, C. & S. F. Ry. Co. v. Stephenson*, 273 S. W. 294 [Tex. Civ. App.]; see, also, cases cited in October, 1926, issue, Cumulative Index to A. L. R., page 57 *et. seq.*)

In support of the finding that plaintiff was dependent upon Clarence Wyant, there was evidence that plaintiff's husband had been injured twelve years before, since which time her son Clarence, who was unmarried, had been her sole support; that he paid his mother $30 a month in money and furnished her groceries in addition. There was evidence that plaintiff spent most of her time in Mulberry while Clarence worked at the mine at Worland. It appears that this was only a convenience. Worland was a mining camp and the mother lived in a house at Mulberry. There was other evidence which need not be detailed, which amply sustained the finding of the court.

The arbitrator awarded plaintiff $3,950 as total compensation. On review the court fixed the compensation at $3,800 and $150 for medical services. The defendant contends that the evidence was so indefinite and uncertain that it was unable to make the proper calculation, and that the court erred in fixing the amount of the award. The award of the arbitrator as modified by the court provided for payment at the rate of $15 per week. The court computed the payments to the date of the award (June 5, 1926), and awarded those payments in a lump sum with interest from the date at which the respective payments became due. He then provided that the remainder should be paid at the rate of $15 per week with interest at 6 per cent per annum from the time each payment becomes due. This appears not to have been improper. (See *Cain v. Zinc Co.*, 94 Kan. 679, 146 Pac. 1165, 148 Pac. 251.)

The defendant contends that there was no authority for allowing $150 for medical services. In *Cain v. Zinc Co.*, supra, it was said in the opinion:

"The workmen's compensation act contemplates no allowance on account of medical attendance, except where a workman dies as the result of an injury, leaving no dependents. (Laws 1911, ch. 218, ¶ 11, subdiv. *a* 3, as amended by Laws 1913, ch. 216, ¶ 5 [R. S. 44-510, 44-513.]) It provides, (¶ 15) that payments or judgments made under it shall not be subject to levy, except for medical attention and similar matters, implying that such expenses are to be paid out of the compensation allowed, which is based upon an estimate of the extent and duration of disability." (p. 682.)

In *McCormick v. Coal and Coke Co.,* 117 Kan. 686, 232 Pac. 1071, it was said in the opinion:

"If there are no dependents the employer pays the burial expenses not exceeding $150." (p. 692.)

Under the circumstances, the allowance for medical services was not proper.

A contention that error was made in allowance of costs cannot be sustained. The case was hotly contested and under all the circumstance, there appears no good reason why the costs should not follow the judgment. Other questions raised are disposed of by what has been said.

The judgment is modified by affirming the allowance of compensation of $3,800 and reversing the allowance of $150 for medical services.