No. 28,617.

C. J. Leebolt, *Appellant*, v. J. M. Leeper, *Appellee*.

(275 Pac. 1087.)

Opinion filed April 6, 1929.

*A. E. Crane, B. F. Messick, A. H. Crane*, all of Topeka, and *L. S. Hoiles*, of Kansas City, Mo., for the appellant.

*T. M. Lillard, Bruce Hurd* and *O. B. Eidson*, all of Topeka, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one for damages for personal injuries. The court directed a verdict for the defendant, and plaintiff appeals.

The facts are substantially these: The plaintiff was an employee of the Otis Elevator Company, which was engaged in installing the elevators in the Jayhawk hotel. A wheelbarrow of brick, which was being hoisted, tipped over. A brick fell, struck the plaintiff on the head and severely injured him.

The pertinent question for solution is whether the Otis Elevator Company was installing the elevators under a contract with the defendant, Leeper, or whether the contract was between the Topeka Hotel Company and the Otis Elevator Company. If the contract was between Leeper and the Otis company, the latter a subcontractor, the plaintiff was entitled to compensation under the workmen's compensation act, but not entitled to recover in an action for damages.

The plaintiff contends that his immediate employer, the Otis Elevator Company, was putting in the elevators as an independent contractor, its contract being with the Topeka Hotel Company; that his injuries were caused by the negligence of workmen in the employ of the defendant, Leeper, who had the general contract for construction of the hotel building, but did not have the contract for installing the elevators; that therefore the plaintiff had the right to proceed against Leeper in a suit for damages, and that his remedy was not a suit to recover compensation under the workmen's compensation act. The contention cannot be sustained.

From an examination of the record we are of the opinion that the defendant, Leeper, and Thomas W. Williamson, a Topeka architect, had executed a contract with the Topeka Hotel Company to build the entire Jayhawk hotel building, including the putting in of the elevators; that a subcontract was let by Leeper and Williamson to the Otis Elevator Company for installing the elevators. It necessarily follows that the plaintiff must be treated under the workmen's compensation act as an employee direct of Leeper and Williamson, the general contractors, so that recovery for his injuries would not lie in a suit for damages, but must be in the nature of a claim for compensation under the workmen's compensation act. The general building contract entered into by the defendant and Williamson with the Topeka Hotel Company for the construction of the building contained the following provision:

"The building to be complete, including the heating, plumbing, electrical and elevator contracts, ready for the furnishings and fixtures to be furnished by the operator."

The contract was executed by the Topeka Hotel Company, by O. B. Gufler, president, and by J. M. Leeper, contractor, Thos. W. Williamson, architect, and attested by J. R. Burrow, Jr.

What appears to have given rise to and formed the basis of plaintiff's claim that the Otis Elevator Company was an independent contractor and not a subcontractor of Leeper and Williamson, was the fact that the proposal of the Otis company to install the elevators and also the acceptance thereof, was signed "The Topeka Hotel Company, by Thos. W. Williamson, architect," through an inadvertence by Mr. Williamson. However, the evidence showed that bills of the Otis Elevator Company for the total contract price of $30,000 were paid by the defendant Leeper and not by the hotel company. The defendant also testified that:

"When the Otis elevator. people came I directed them where to unload the material and where to start. . . . I handled all the subcontracts just the same as the Otis contract."

J. R. Burrow, Jr., secretary and treasurer and chairman of the building committee of the Topeka Hotel Company, testified substantially that his company contracted with Leeper and Williamson for the construction of the entire building, including the elevators; that it made no contracts of any kind with the Otis Elevator Company and had no dealings or negotiations with the elevator company; that in settling with Leeper and Williamson the hotel company paid them the full contract price, which included the cost of construction of the elevators, and that the hotel company made no payments to and had no dealings with the Otis Elevator Company. Mr. Burrow further testified that the Topeka Hotel Company had never authorized Mr. Williamson to sign any contracts on its behalf for elevators or anything else in the construction of this building; that he did not learn that Mr. Williamson had signed the name of the Topeka Hotel Company to the contract with the Otis Elevator Company until after the suit was brought and just a few days before he was called upon to testify.

The plaintiff contends that he had knowledge of the signature "The Topeka Hotel Co." on the acceptance of the proposal of the Otis Elevator Company to install the elevators; that he relied thereon and believed that his immediate employer was an independent contractor and not a subcontractor. The evidence fails to support his claim. There was no evidence that he ever saw or

knew anything about the form of the contract of his employer, the Otis Elevator Company, for installing the elevators.

The accident occurred in February, 1926. The workmen's compensation act then in force contained this provision:

"Save as herein provided no such employer shall be liable for any injury for which compensation is recoverable under this act." (R. S. 44-501.)

In *Echord v. Rush,* 122 Kan. 260, 261 Pac. 1112, it was held:

"The remedy afforded by the workmen's compensation law is exclusive, where the employer and employee are voluntarily operating under its provisions, and the injury to the workman relied upon arose out of and as a result of such employment on the premises."

The workmen's compensation act provided substantially that when a party contracting to execute any work let a part of his contract out to subcontractors the principal contractor should be liable to pay any workman employed in the execution of the work any compensation which he would have been liable to pay if that workman had been immediately employed by him. (R. S. 44-503.) This section was construed in *Purkable v. Greenland Oil Co.,* 122 Kan. 720, 253 Pac. 219, where an oil company was engaged in developing mineral land held under lease and contracted with another for the construction of derricks on the leased ground. An employee of the derrick contractor fell from a derrick and was injured. It was held that—

"The work of building the derrick was part of the company's business, within the meaning of the subcontracting section of the workmen's compensation act (R. S. 44-503); the accident occurred on premises on which the company had undertaken to execute work, within the meaning of subdivision (*d*) of the section; and the company was liable to the dependents for compensation, under subdivision (*a*) of the section."

In *Spencer v. Marshall,* 107 Kan. 264, 191 Pac. 468, it was said in the opinion:

"Even if the plaintiff was working for a subcontractor when he was injured, section 5898 of the General Statutes of 1915 fixes on the appellants liability for compensation to the plaintiff." (p. 267.)

We are convinced the trial court was correct in its conclusion that there was no contract between the Topeka Hotel Company and the Otis Elevator Company; that the Otis Elevator Company was a subcontractor under the defendant and Williamson, and that the plaintiff was limited to a right to compensation and could not sustain an action for damages.

The judgment is affirmed.