No. 31,608

ED WILLIAMS, *Appellee*, v. CITIES SERVICE GAS COMPANY, *Appellant*.

(30 P. 2d 97.)

Opinion filed
March 10, 1934.

*James .W. Finley, Hayes McCoy, Robert E. Cullison* and *Glenn W. Clark*, all of Bartlesville, Okla., for the appellant.

*Ed T. Hackney*, of Wellington, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is by the principal from an award by the commissioner confirmed by the district court under the workmen's compensation law, and the main question involved is whether the act permits a recovery of compensation from the principal by an employee of the contractor after such employee has proceeded only against the contractor and obtained an award against him and received compensation thereunder for a considerable length of time.

Appellant stresses the word "instead" in subdivision (c) of R. S. 1931 Supp. 44-503, which clause is as follows:

"(c) Nothing in this section shall be construed as preventing a workman from recovering compensation under this act from the contractor instead of the principal."

Appellant refers to this provision as an option the claimant can have in instituting proceedings against the contractor "instead" of the principal, and when once exercised the employee waives all rights he ever had against the principal. Definitions from dictionaries and numerous decisions are cited defining the word "instead," along the line advocated by appellant. We have no quarrel with appellant concerning the strict and exact meaning of this very frequently used word, that it strictly means in the place of another or in lieu of another, but can it mean that where it applies alone to procedure when the very act itself says in R. S. 1931 Supp. 44-523 that "the committee, arbitrator, commissioner or court shall not be bound by technical rules of procedure."

Appellant quotes the following from the opinion in the case of *Fougnie v. Wilbert & Schreeb Coal Co.*, 130 Kan. 410, 286 Pac 396:

"The mandate of section 23 that the act be administered without regard to technical rules of procedure does not mean that the plain terms of the statute itself may be ignored and disregarded. . . ." (p. 414.)

But the matter involved in that case was that of ignoring and disregarding the ninety-day rule for serving notice of demand for compensation and was not concerning the construction of the statute or the meaning thereof intended by the legislature.

Subdivision (a) of R. S. 1931 Supp. 44-503 imposes a liability upon the appellant, and subsequent subdivisions permit the principal, when sued by the workman, to interplead the contractor, and when compensation is paid by the principal to recover over against the contractor. But can it be fairly said from this and the other parts of this statute that it was the intention of the legislature that where two parties are definitely liable, the liability of one is entirely extinguished by the commencement of proceedings against the other? The commencement of compensation proceedings may be by either the workman or the employer, as prescribed in R. S. 1931 Supp. 44-534, as follows, after reference to the plans for agreement or arbitration:

". . . either party may in writing apply to the commission for a determination of the compensation due or claimed to be due, said application to be in form as prescribed by the rules of the commission and shall set forth the substantial and material facts in relation to said claim. . . ."

Appellant urges that it should not be held to its liability when it has lost its opportunity of reimbursement. The workman in this case commenced his action against the contractor and its insurance carrier and obtained an award. The insurance carrier paid the compensation awarded for one hundred and forty weeks, then went into the hands of a receiver, and the award covered the full period of four hundred and fifteen weeks. The contractor is also insolvent and unable to pay the award or reimburse the principal. When this proceeding was commenced against the principal it was docketed by the commissioner as a part of the original action.

Appellant claims it has now lost its right of reimbursement, which it could have had if the workman had brought his action in the first place against it as principal "instead" of bringing it against the contractor. It urges that it is not a joint and several obligation and must be against one or the other, and the workman makes his election at his peril.

The compensation statute of Maryland has this same identical

clause as our statute with the same word "instead" in it. There the workman, in the case of *Core Contracting Co. v. Schaeffer*, 151 Md. 494, brought his action against both the principal and the contractor and recovered an award against each of them for the full amount. The contractor appealed and the principal did not, but later came into the court of review and was permitted to be heard in the argument supporting the award against the contractor, which would protect the principal. The court placed a liberal construction on the statute and affirmed the award against both parties, although the literal meaning of the word "instead" was not there urged or stressed.

Reference is made to R. S. 1931 Supp. 44-504 and the change made in it in 1927 with respect to proceedings against third parties. This has reference to common-law actions for damages and the presumption of the workman having elected to accept compensation, and we think this does not in, any way strengthen the appellant's construction.

R. S. 60-411 states that—

"Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff; or who is a necessary party to a complete determination or settlement of the question involved therein."

In the recent case of *Phœnix Indemnity Co. v. Barton Torpedo Co.*, 137 Kan. 92, 19 P. 2d 739, it was sought by the insurance carrier of the contractor to make the principal a third party because it had not been made a party in the compensation proceedings and to recover from the principal in damages. All through the opinion both parties, principal and contractor, were regarded as liable for the compensation and subject to the proceedings separately or together, and after outlining the theory of the insurance carrier that the failure to include the principal in the proceedings made it necessarily a third party and liable in tort, it was said:

"If that were the correct test as to whether or not the principal contractor was a third party, it would in effect place the matter at the option of the workman and the subcontractor whether the principal contractor would be liable under the compensation law or in an action in tort. No such options exist under the compensation law, and the fact that the principal contractor has not been made liable and is only a guarantor under the compensation law does not eliminate the principal contractor from the list of those that are liable thereunder, nor render it possible for the principal contractor to be a third party." (p. 96.)

It is urged that the workman has waived his legal rights and is now estopped to make this claim against the principal. While the principal may not now be able to recover from the contractor, such loss is not on account of the fault, neglect or omission of the workman, under our liberal system of procedure.

Appellant insists that the making of the principal liable being only by virtue of our statute, it is in derogation of the common law and must therefore be strictly construed. While that may still be the rule in some states, it is not in Kansas. R. S. 77-109 provides that—

"The common law as modified by constitutional and statutory law, judicial decisions, and the conditions and wants of the people, shall remain in force in aid of the General Statutes of this state; but the rule of the common law, that statutes in derogation thereof shall be strictly construed, shall not be applicable to any general statute of this state, but all such statutes shall be liberally construed to promote their object."

Also, R. S. 60-102, being the second section of our code, provides that—

"The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this code. Its provisions, and all proceedings under it, shall be liberally construed, with a view to promote its object, and assist the parties in obtaining justice."

We conclude that under the workmen's compensation law the principal is not relieved of his liability to the employee of his contractor by being omitted from the compensation proceedings brought in the first instance by such employee against the contractor.

Appellant raises three other questions as to its liability under R. S. 1931 Supp. 44-503, insisting that it is not liable as principal (1) because no written claim for compensation had been served upon it within the time prescribed by R. S. 1931 Supp. 44-520a, particularly urging that the letter sent and received within the required time was not such a demand as required by the statute; (2) because the employer of the workman in this case was an independent contractor and not under the supervision of the appellant when the injury occurred, that the work he was doing was not a part of appellant's trade or business; and (3) because the accident did not occur on, in or about the premises on which appellant had undertaken to execute any work, and the work was entirely different from appellant's line of business.

The letter mentioned was written appellant by the attorney for

the injured workman, and after fully describing the time, place, accident and nature of the injury, the letter further stated:

". . . And in order to protect his rights and comply with a strict provision of our statute, I am handing you herewith notice of demand for compensation.

"I am doing this simply to comply with the statute provision as Mr. Williams at this time is receiving compensation checks through your contractor, Roger O. Moore Company of Tulsa."

In *Eckl v. Sinclair Refining Co.*, 133 Kan. 285, 299 Pac. 588, it was said:

"The written claim that is required by 44-520a, R. S. Supp. 1930, to be served upon an employer before proceedings for compensation shall be maintainable is not a formal notice, and it is sufficient if it advises the employer that the injured employee is claiming that he should be paid something as a result of the injury." (Syl. ¶ 1.)

In *Richardson v. National Refining Co.*, 136 Kan. 724, 18 P. 2d 131, where the letter by the injured workman described the accident and the injury and his being under a doctor's care and of his having informed the foreman, it was said:

"In order to constitute a written claim under the provisions of R. S. 1931 Supp. 44-520a, no particular form is required, and it is sufficient if it advises the employer that the injured employee is looking to it for compensation." (Syl. ¶ 2.)

In *Weaver v. Shanklin Walnut Co.*, 131 Kan. 771, 293 Pac. 950, the injured party wrote the employer asking him to send him some papers to fill out, that he had heard some had been sent but he had not received them. This was answered by the employer saying there was nothing to fill out until he was able to go back to work, and the letter under the surrounding circumstances was held to be a sufficient demand under the statute.

The letter here involved says, "I am handing you herewith notice of demand for compensation," which, under the former rulings of this court, is fully sufficient to meet the statutory requirements as to demand when no form is prescribed.

The appellant was a gas company engaged in the business of transporting and distributing gas by pipe lines, having procured rights of way for the maintenance of pipe lines, and it made an oral agreement with Roger O. Moore Company to dig a ditch for the reception of a six-inch gas pipe line and to backfill the ditch after the pipe line had been constructed therein. The Moore company was to furnish all of the necessary help and equipment for the

digging and filling of the ditch, and the appellant was to have no supervision or control over the employees or the work except such general supervision as was necessary to accomplish the result for which the contract was made. The workman was in the employ of the Moore company digging such a ditch on appellant's right of way for the purpose of laying therein appellant's gas pipe line when he was injured by being struck on the head by a rock blown from the ditch by a charge of dynamite.

Appellant urges it is in the gas business and not in the ditch construction business, that its men laying the pipe were at no time working with those digging the ditch, nor at the same place, and that the accident did not occur on, in or about the premises on which appellant had undertaken to execute work, or where the work being done was under its control as contemplated by R. S. 1931 Supp. 44-503. An effort is made to distinguish between this case and the facts and circumstances in the case of *Purkable v. Greenland Oil Co.*, 122 Kan. 720, 253 Pac. 219, but we think they are very much alike. It was there held:

"An oil company engaged in developing mineral resources on leased land and producing oil therefrom, let to an independent contractor a contract to erect a derrick on the land, as an incident to the drilling of an oil well by the company. While the derrick was under construction one of the contractor's workmen fell from it and received injuries which resulted in death. The workman's dependents sued the company for compensation. *Held*, the work of building the derrick was part of the company's business, within the meaning of the subcontracting section of the workmen's compensation act (R. S. 44-503); the accident occurred on premises on which the company had undertaken to execute work, within the meaning of subdivision (*d*) of the section; and the company was liable to the dependents for compensation, under subdivision (*a*) of the section." (Syl.)

The similarity exists both in subcontracting of a particular kind of preparatory work to make ready for the specific work of the principal and in the relation of pipe line right of way to the leased premises on which the oil company was having the derrick constructed as an incident to the drilling of an oil well by it. (See, also, *McKinstry v. Coal Co.*, 116 Kan. 192, 225 Pac. 743; and *Shay v. Hill*, 133 Kan. 157, 299 Pac. 263.)

We think the ruling in the Greenland Oil Company case, *supra*, is decisive of both the last mentioned propositions in this case, and that the Moore company was not an independent contractor but a subcontractor under the appellant as principal.

The judgment is affirmed.