No. 39,888

PERCY WHITAKER, *Appellant,* v. WILLIAM H. DOUGLAS, et al., *Appellees.*

(292 P. 2d 688)

Opinion filed January 28, 1956.

*Herbert A. Marshall*, of Topeka, argued the cause, and *Allen Meyers, Philip C. Gault*, and *Doral H. Hawks*, all of Topeka, were with him on the briefs for the appellant.

*Charles S. Fisher, Jr.*, of Topeka, argued the cause, and *T. M. Lillard, O. B. Eidson, Philip H. Lewis, James W. Porter*, and *Sidney C. Hunt*, all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was a common law action for damages for personal injuries sustained by plaintiff, which were alleged to have been caused by the negligence of defendants.

The petition filed May 18, 1953, gave the residence of the parties and alleged that the individual defendants were copartners engaged in the construction business and were doing business under the firm name of Douglas Construction Company; that on June 19, 1951, plaintiff was operating an International truck with a cement mixer attached, loaded with 3 cubic yards of concrete of the aggregate weight of 14 tons, belonging to the Victory Sand Company of Topeka, and was delivering the concrete to the defendants; that the defendants at all times mentioned were engaged in constructing a building on the State Hospital grounds in Topeka, and in connection therewith had constructed a ramp about 60 feet in length on the south side of the building to the second floor level; that the ramp was so constructed that the truck operated by plaintiff could back into a position to permit dumping the concrete used by defendants in constructing the second floor of the building; that the ramp was made of dirt to a point about 6 feet south of the south

wall of the building and that the open area from the end of the earthen ramp to the building was bridged by four 3 x 12 planks which acted as a runway of 2 planks each for the right and left wheels of the truck; that the ramp was negligently and carelessly constructed and was not a safe place for trucks to back; that the ramp and the movements of trucks thereon were under the exclusive control and supervision of defendants, their agents, servants and employees; that the trucks hauling concrete on the project were directed by an employee of defendants whose name is not known to plaintiff and who was acting in the capacity of a flagman in the course of his employment with defendants and in the furtherance of their business. That on June 19, 1951, plaintiff, in the course of his employment with the Victory Sand Company and at the invitation and request of defendants and under defendants exclusive direction and control, was backing his truck with its load up the ramp, and was expecting and intending to stop the truck at the end of the earthen portion thereof when the rear wheels reached the point on the ramp when it was in a proper position to discharge its load; that plaintiff, in operating his truck, was looking to the rear of the truck and relying on the flagman of defendants to properly signal him when and where to stop on the ramp but the flagman negligently and carelessly failed to give any warning or signal to plaintiff of the truck's approach to a position of danger on the ramp; that plaintiff brought his truck to a stop on his own volition as the rear wheels were on the planks bridging the gap between the wall and the earthen ramp; that the planks on the west side of the ramp gave way under the weight of plaintiff's truck causing the truck to overturn on its left side pinning plaintiff in the cab and under the left side with his hip and leg crushed into the dirt under the truck, causing plaintiff to suffer severe permanent and lasting injuries, which were described in detail, resulting in damages in the sum of $32,311.44, for which sum he prayed judgment.

The amended answer of defendants contained a general denial of each allegation in the petition except such as were admitted. In the answer the defendants admitted paragraph 1 of the petition pertaining to the residence of the parties; they also admitted that on June 19, 1951, plaintiff was operating an International truck of the type described, belonging to the Victory Sand Company, and that he was an employee of that company. The answer further

admitted that while plaintiff was operating the sand truck the same partially overturned, causing injuries, but alleged that any personal injuries received by plaintiff were not occasioned by any negligence on the part of the defendants or on the part of any of their agents, servants or employees but were proximately occasioned by his own negligence and want of care in that he drove the truck rapidly up the ramp without taking care to watch and look out for his own safety, running the rear wheels of the truck over the end of the ramp. They further alleged that prior to the happening of the accident referred to defendants had entered into a contract with the State of Kansas to construct a certain building described in plaintiff's petition and at the time of the accident were engaged in such construction work, which work was a part of their trade and business; that in connection with and as a part of said construction work defendants entered into an oral contract with the Victory Sand Company whereby said company would furnish ready mixed concrete and place the same in forms or receptacles at and in the building being so constructed; that the accident and claimed injuries sustained by plaintiff while he was employed by the Victory Sand Company, occurred on, in, or about the premises upon which these defendants had undertaken and were in the process of carrying on said construction work. They further answered that prior to the time of the accident they had filed a written election to come under and be within the terms of the Workmen's Compensation Act and that at all times since doing so they had been under and subject to the terms and provisions of the Workmen's Compensation Act. They further alleged that at all times stated in plaintiff's petition the plaintiff was under and within the terms and provisions of the Workmen's Compensation Act. They further alleged that by reason of the facts mentioned and by reason of the terms and provisions of the Workmen's Compensation Act plaintiff became in legal effect the employee of defendants as the principal contractor and the sole remedy open to plaintiff against these defendants on account of or by reason of said accident and injuries consisted of compensation as provided by the Workmen's Compensation Act, and that no action for common law damages as claimed in plaintiff's petition can or could accrue to the plaintiff by reason of the matters and facts hereinbefore set out, and that plaintiff had not the right to maintain this action. The prayer was that plaintiff take nothing by reason of the action, and that defendants have judgment for costs.

To this amended answer the plaintiff filed a verified reply in which he denied each and every allegation of new material contained in the answer and specifically denied that he was in any manner or to any degree an employee or servant of defendants.

Thereafter defendants filed a motion for judgment in their favor upon the pleadings.

Upon the hearing of the motion counsel for plaintiff, in open court, admitted that defendants, on June 19, 1951, were operating under the workmen's compensation law. The court sustained the motion, and the plaintiff appealed. The opinion of this court is found in 177 Kan. 154, where the judgment of the trial court was reversed. This was done because to sustain the ruling of the trial court it would have been necessary to take into consideration certain allegations of defendants' answer and the admission of plaintiff at the time of the hearing of the motion, which were not a part of the pleadings. It was held this could not be done and that we could look only to the petition and the reply, which denied the material allegations of the answer. After our mandate reached the district court the plaintiff filed an amended reply, which reads:

"Comes now the plaintiff and for his reply to the amended answer of the defendants, denies each and every allegation of new matter contained in said amended answer, except such allegations as are hereinafter specifically admitted.

"Plaintiff admits that at the time of the happening of this accident, defendants were operating under and within the provisions of the Workmen's Compensation Act of the State of Kansas, and that at all times stated in plaintiff's petition defendants were operating under and within the terms of said Act. Plaintiff further admits that he has never filed any election not to come within the Workmen's Compensation Act; and that in his employment with Victory Sand Company, plaintiff was operating under and within the provisions of the Workmen's Compensation Act, and was paid compensation as required by the Act, by his employer, the Victory Sand Company and its insurance carrier; that this action is brought by said employer and its insurance carrier, Michigan Mutual Liability Company in the name of plaintiff, Percy L. Whitaker, for the benefit of plaintiff and said employer and insurance company as their interests may appear.

"Plaintiff further alleges that at no time was he in any manner or to any degree an employee or servant of the defendants herein."

This reply was verified by one of the attorneys for the plaintiff, not by anyone purporting to represent the Victory Sand Company or its insurer. While this may not be important we note it here for whatever it may be worth.

We think the allegations of plaintiff's petition, construed with his amended reply, bring the case squarely within the provisions of the "Subcontracting" section of our workmen's compensation law, G. S. 1949, 44-503, which reads:

"(a) Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business or which he has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then in the application of this act, references to the principal shall be substituted for references to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed. (b) Where the principal is liable to pay compensation under this section, he shall be entitled to indemnity from any person who would have been liable to pay compensation to the workman independently of this section, and shall have a cause of action therefor. (c) Nothing in this section shall be construed as preventing a workman from recovering compensation under this act from the contractor instead of the principal. (d) This section shall not apply to any case where the accident occurred elsewhere than on, in or about the premises on which the principal has undertaken to execute work or which are otherwise under his control or management, or on, in or about the execution of such work under his control or management. (e) A principal contractor, when sued by a workman of a subcontractor, shall have the right to implead the subcontractor. (f) The principal contractor who pays compensation to a workman of a subcontractor shall have the right to recover over against the subcontractor."

This section was a part of our original compensation act of 1911, being Ch. 218, § 4, Laws of 1911. It became § 44-503 of our Revised Statutes of 1923. When our workmen's compensation law was re-written in 1927 (Ch. 232, Laws of 1927) all of Art. 5, Ch. 44 of the Revised Statutes of 1923 was repealed, but in the act as amended what was § 4 of the Act of 1911 was incorporated in the amended statute as § 3 and became and is now G. S. 1949, 44-503. This section has never been amended since it was originally enacted in 1911. The statute has been construed by this court in many cases, a partial list of them follows: *Maughlelle v. Mining Co.,* 99 Kan. 412, 419, 420, 161 Pac. 907; *Spencer v. Marshall,* 107 Kan. 264, 267, 191 Pac. 468; *Wyant v. Douglas Coal Co.,* 122 Kan. 469, 252 Pac. 237; *Purkable v. Greenland Oil Co.,* 122 Kan. 720, 253 Pac. 219; *Leebolt v. Leeper,* 128 Kan. 61, 275 Pac. 1087; *Phoenix Indemnity Co. v. Barton*

*Torpedo Co.,* 137 Kan. 92, 19 P. 2d 739; *Williams v. Cities Service Gas Co.,* 139 Kan. 166, 30 P. 2d 97; *Pribbenow v. Meeker,* 139 Kan. 325, 31 P. 2d 15; *Wells v. Eagle-Picher M. & S. Co.,* 148 Kan. 794, 800, 85 P. 2d 22; and, *Lessley v. Kansas Power & Light Co.,* 171 Kan. 197, 231 P. 2d 239.

In construing the statute in the cases last cited the court applied the plain words of the statute which are unambiguous to the facts disclosed by the record before it. As applied to this record, it will be noted that the accident in which plaintiff was injured occurred on, in or about the premises on which the defendants had undertaken to execute the work and which was under its control or management and that plaintiff, while working for the Victory Sand Company, was transporting cement to the second floor of the building and placing it in receptacles for use in building the floor which was a part of the construction work which defendants had contracted to do and which was a part of their trade and business. Although his wages were paid by the Victory Sand Company, he was helping in the construction of the work to the same extent as if defendants themselves had been paying his wages. He could have brought compensation proceedings against defendants or the Victory Sand Company. Had he brought them against the defendants they could have impleaded the Victory Sand Company and had they not so impleaded the Victory Sand Company and had paid the compensation to the workman, they would have had the right to recover the amount paid against the Victory Sand Company.

Plaintiff's denial in his petition and in his amended reply that he was not an employee of defendants is ineffectual as being contrary to the statute above quoted, that when an employer is liable to pay compensation to the workman according to the provisions of the Workmen's Compensation Act such employer shall not be liable for any injury for which the compensation is recoverable under the act. G. S. 1949, 44-501.

In *Phoenix Indemnity Co. v. Barton Torpedo Co.,* supra, it was held:

"One who is a principal contractor under the distinctions outlined in R. S. 1931 Supp. 44-503 of the workmen's compensation law, and liable under certain conditions prescribed in that section for compensation awarded to an injured workman of a subcontractor, is not liable in tort for damages on account of the negligence causing that injury, even though such principal contractor has not been adjudged to pay any portion of such compensation award."

In the late case of *Lessley v. Kansas Power & Light Co.*, supra, the court had occasion to say, p. 203:

"In this jurisdiction it is well settled that if a workman can recover compensation under the workmen's compensation act (G. S. 1935, Ch. 44, Art. 5) for an injury the remedy is exclusive and he cannot maintain a common law action for damages founded on negligence against a party from whom he could have recovered compensation under the act. (*Crawford v. Atchison, Topeka & S. F. Rly. Co.*, 166 Kan. 163, 165, 199 P. 2d 796; *Duncan v. Perry Packing Co.*, 162 Kan. 79, 174 P. 2d 78; *Hoffman v. Cudahy Packing Co.*, 161 Kan. 345, 167 P. 2d 613; *Bailey v. Mosby Hotel Co.*, 160 Kan. 258, 259, 160 P. 2d 701; *Jennings v. Kansas Power & Light Co.*, 152 Kan. 469, 105 P. 2d 882; *Echord v. Rush*, 124 Kan. 521, 261 Pac. 820)."

The result is that neither the plaintiff nor the Victory Sand Company, nor its insurer ever had any cause of action in tort ·against these defendants.

Counsel for appellant contend their action is brought under G. S. 1949, 44-504, which, so far as it applies to an injured workman, reads:

"When the injury . . . for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, . . . shall have the right to take compensation under the act and pursue his . . . remedy by proper action in a court of competent jurisdiction against such other person. . . . Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury, . . . Failure on the part of the injured workman, . . . to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman . . . may have against any other party for such injury . . ., and such employer may enforce same in his own name or in the name of the workman, . . . for their benefit as their interest may appear by proper action in any court of competent jurisdiction."

In defendants' motion for judgment on the pleadings, which was sustained and from which this appeal was taken, one of the grounds of the motion was that plaintiff's action was brought too late under the above statute. Appellant's pleadings disclose that the injury for which he seeks to recover occurred on June 19, 1951, and the original petition was filed in this case on May 18, 1953. This was a year and eleven months after the accident occurred. Neither the Victory Sand Company, nor its insurance carrier was named as a party plaintiff in that petition, nor was any mention made that they were asserting any right which they might have had. Any cause of action in tort which the workman had, was assigned to his

employer eleven months before the petition was filed. The petition was never amended. The first time that his employer and its insurer was mentioned as having anything to do with the case was in the amended reply which was filed February 2, 1955, which was more than three and a half years after the date of the accident.

It is clear that when the petition was filed plaintiff had lost his right to file it in the form it was, and that the late reference to his employer and its insurer having an interest in the matter was belatedly injected into the case. As bearing upon some phases of this, see, *Elam v. Bruenger*, 165 Kan. 31, 193 P. 2d 225; *Krol v. Coryell*, 168 Kan. 455, 214 P. 2d 314; *Wise v. Morgan-Mack Motor Co.*, 173 Kan. 372, 246 P. 2d 308, and authorities cited therein.

We think the court did not err in sustaining defendants' motion for judgment on the pleadings. The judgment of the trial court is affirmed.