RAY MATTHEWS, APPELLANT, V. G. A. CRANCER COMPANY ET AL., APPELLEES.

FILED FEBRUARY 21, 1929.   No. 26713.

*Hall, Cline & Williams* and *M. L. Poteet,* for appellant.

*Dressler & Neely, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

THOMPSON, J.

This appeal is prosecuted to reverse a judgment of dismissal of a common-law action for damages on the sustaining of a demurrer to the petition.

For a proper consideration of the demurrer it becomes necessary for us to set out the substance of the material facts pleaded in the petition challenged, all of which facts are admitted by the demurrer, and are as follows: The Crancer Company, appellee, was engaged in buying, selling and delivering pianos and other musical instruments in the city of Lincoln. Payton, appellee, was engaged in the business of moving pianos for hire, as an independent contractor. In the course of such business Payton hired Matthews, appellant, to operate a delivery van for him. In furtherance of its enterprise the Crancer Company contracted with Payton whereby the latter was to deliver pianos for it, and at the same time, as a precautionary measure, requested Payton to procure compensation insurance as by our statutes provided, for the protection of Payton's employees, which was done. Pursuant to the above indicated arrangements, and at the request of the Crancer Company, Payton sent Matthews for a piano, and directed him (as he, Payton, had been informed by the Crancer Company) where and when to go, and how to enter the building where the piano to be delivered was stored. Matthews then proceeded as thus directed, but through the negligence of the Crancer Company, and without fault on his part or on the part of Payton, Matthews was seriously and permanently injured while in the course

of the business for which Payton had employed him, to his great damage. Matthews applied for, and received, compensation from Payton under the above referred to statutes. Payton, after having been by Matthews requested to bring this common-law action, refused and neglected to do so, and Matthews instituted it himself, making Payton a party defendant so that his rights of subrogation and recoupment might be safeguarded.

It is sufficient to say that the allegations of the petition, if proved, would render the Crancer Company liable at common law for the damages which Matthews sustained by reason of the injuries he received, unless such Crancer Company is absolved therefrom by reason of its having required Payton to take out compensation insurance. This conclusion is in harmony with the views expressed in the brief of appellees, as to the demurrer and the questions involved by reason thereof, wherein it is stated: "The Crancer Company demurred to the amended petition filed by the plaintiff for the reason that it had required Payton by express contract to procure a policy of compensation insurance as provided in the compensation act, and was therefore specifically exempted from any common-law liability under section 3039 of the Nebraska workmen's compensation law, and for the further reason that under such section Matthews' rights were to be tested solely by the provisions of the compensation act, and he could not legally bring a common-law suit for damages against the owner of the business in question."

As further stated in appellees' brief, in substance, we have but one question submitted for our consideration: Is the Crancer Company a "third person" within the meaning of section 3041 of such compensation statutes? This question, however, involves the construction of section 3039, as well as section 3041, for, if under section 3039 the Crancer Company is an "employer" of Matthews within the meaning of the act, then certainly it could not be a "third person" as that term is used in section 3041.

We will consider these two sections with others relative

thereto, as was done in the case of *Boyd v. Humphreys, ante*, p. 799.

Section 3039 provides in substance that any owner, or contractor, or subcontractor, who shall, through scheme, artifice or device, seek to execute work without being responsible to the workmen for compensation under the article, shall be included in the term "employer," and with the immediate employer shall be jointly and severally liable to pay compensation, and be subject to all the provisions of the article. And further provides: "This section, however, shall not be so construed as to cover or mean an owner who lets a contract to a contractor in good faith, or a contractor who, in good faith, lets to a subcontractor a portion of his contract, if the owner or principal contractor, as the case may be, requires the contractor or subcontractor, respectively, to procure a policy or policies of insurance from an insurance company licensed to make such insurance in this state, which policy or policies of insurance shall guarantee payment of compensation according to this article to injured workmen."

As we construe this section, the word "employer," as used therein, does not include an owner who requires his contractor to take out compensation insurance, and neither does it include a contractor who sublets and requires his subcontractor to take out such insurance. That is, one who contracts with another to have labor performed, and requires such other to protect the latter's employees by providing compensation insurance, is not an "employer" of such employees, or to them responsible as such; and the same is true as between a contractor and his subcontractor, if the statutory requirements as to compensation insurance are complied with the contractor is not an "employer" of the subcontractor's employees, and neither is he liable to them as such.

Applying this construction to the record before us, the Crancer Company, having required Payton to procure compensation insurance, would have been released from further liability to Payton and his employees so long as it remained

quiescent; but when, as in this case, by and through its wrongful acts of omission and commission, Matthews, Payton's employee, is injured and damaged, it is liable therefor.

Thus, we conclude that the Crancer Company, as to Matthews, was not an "employer," but a "third person" as such term is designated in section 3041, and is answerable to him in damages for the injuries he received. In thus concluding we have but followed our holding in the case hereinbefore cited. Further, under this record and such section 3041, Matthews was clothed with authority to prosecute this action. *O'Donnell v. Baker Ice Machine* Co., 114 Neb. 9.

It follows that the trial court erred in sustaining the demurrer and dismissing the action.

The judgment is reversed and the cause remanded, with leave to defendants to answer.

REVERSED.