**Joseph GIANINO and Annette Gianino, Plaintiffs,**

**v.**

**AMERICAN CAN COMPANY, Defendant.**

**No. 84–1262C(1).**

United States District Court, E.D. Missouri, E.D.

Jan. 11, 1985.

James S. Collins, II, St. Louis, Mo., for plaintiffs.

Joseph H. Mueller, St. Louis, Mo., for defendant.

**MEMORANDUM**

NANGLE, Chief Judge.

This case is now before this Court on defendant's motion for summary judgment. Defendant contends that plaintiff was a statutory employee of defendant within the meaning of § 287.040(1) Mo.Rev.Stat.

(1978) and, therefore, plaintiff's sole remedy against defendant is through Missouri's Workers' Compensation Law. This Court agrees and enters summary judgment in favor of defendant on plaintiff's complaint.

## I. BACKGROUND

Plaintiff's cause of action arises out of an injury he sustained while unloading empty wooden pallets at defendant's plant in Pevely, Missouri, on December 9, 1981. At the time of this occurrence plaintiff was employed by Bee Line Leasing Company as a truck driver. According to plaintiff's complaint, at all relevant times plaintiff was operating his tractor-trailer truck pursuant to a leasing arrangement between Manufacturers Cartage Company and Bee Line Leasing Company. On December 9, 1981, plaintiff was using a steel rod formed into a hook to unload the pallets. The steel rod, which was supplied by defendant, allegedly failed and plaintiff fell backwards, sustaining injuries. Plaintiff subsequently brought a Workers' Compensation claim against Bee Line Leasing and he received a total settlement of $11,469.14 on or about February 16, 1983. On April 25, 1984, plaintiff filed this action against American Can Company in the Circuit Court for the City of St. Louis and defendant thereafter removed this action to this Court. Plaintiff alleges in his complaint that defendant negligently caused his injuries.

## II. STANDARD FOR SUMMARY JUDGMENT

■ Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c). *See also Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983);

*Vette Co. v. Aetna Casualty and Surety Co.*, 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Buller,* 706 F.2d at 846. However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Fed.R.Civ.P.* 56(e). *See also* 10A Wright, Miller and Kane, *Federal Practice and Procedure: Civil 2d,* § 2739 (1983).

## III. DISCUSSION

■ Defendant argues in its motion for summary judgment that because plaintiff was a "statutory employee" of defendant, as that term is defined in § 287.040(1) Mo. Rev.Stat. (1978), plaintiff's exclusive remedy against defendant is under the Missouri Workers' Compensation Statute. Plaintiff does not take issue with the proposition that if plaintiff was defendant's statutory employee, then plaintiff must proceed under the Missouri Workers' Compensation Statute. *Ferguson v. Air-Hydraulics Company,* 492 S.W.2d 130, 135 (Mo.Ct. App.1973). Plaintiff does not take issue with defendant's characterization of him as a statutory employee.

Section 287.040(1) Rev.Stat.Mo. (1978) provides, as follows:

Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

"The purpose of [§ 287.040(1)] is to prevent an employer from evading workmen's compensation liability by hiring independent contractors to perform the usual and ordinary work which his own employees

would otherwise perform." *Miller v. Municipal Theatre Association of St. Louis*, 540 S.W.2d 899, 906 (Mo.Ct.App.1976). Missouri courts that have considered this definition of "statutory employee" have derived the following three (3) essential elements:

> (1) the work was performed under a contract; (2) the injury must have occurred on or about the premises of the employer; and (3) the injury must have occurred while the employee was doing work in the usual course of the business of the employer.

*Ferguson*, 492 S.W.2d at 135. *See also Shireman v. Rainen Home Furnishers, Inc.*, 402 S.W.2d 64, 68 (Mo.Ct.App.1966). There is no question that the second element is satisfied, but plaintiff contests the existence of the first and third elements.

Plaintiff's argument that he was not working under a contract at the time of the accident is not entirely clear. However, plaintiff's position appears to be that the contract element is not satisfied here, because: 1) the contract between Manufacturers Cartage Company and defendant makes no mention of the contract between Manufacturers Cartage and plaintiff's employer, Bee Line Trucking Company; or 2) the contract between Manufacturers Cartage Company and Bee Line Trucking Company did not authorize any duties outside of the City of St. Louis. Aside from the fact that this Court believes the first point to be immaterial and the second point to be based on an incorrect interpretation of the contract between Manufacturers Cartage Company and Bee Line Trucking Company, plaintiff's argument that the contract element is not met here must be rejected for a more fundamental reason: the argument is at odds with plaintiff's own allegations. Plaintiff alleges in ¶'s 3, 4 and 5 of his complaint that at all relevant times, including the time of the accident, plaintiff was a business invitee at defendant's plant, plaintiff was employed by Bee Line, and plaintiff was operating a truck leased by Manufacturers Cartage Company. In addition, in his claim for Workmen's Compensation, plaintiff stated that at the time of the accident he was acting in the course and scope of his employment as a truck driver for Bee Line. Under these facts, it is the opinion of this Court that there is no genuine issue of fact concerning whether plaintiff was working under a contract at the time of the accident.

A person working under a contract, however, is not a statutory employee within the meaning of § 287.040(1) Rev.Stat.Mo. (1978), unless the contract is one " 'which delegates to another the usual operation of the employer's business.' " *Crain v. Webster Electric Cooperative*, 568 S.W.2d 781, 793 (Mo.Ct.App.1978) (quoting *Ferguson*, 492 S.W.2d at 136). Several standards have been utilized by Missouri courts to determine what constitutes "usual course of business." In *Montgomery v. Mine La Motte Corporation*, 304 S.W.2d 885 (Mo. 1957), the Supreme Court of Missouri defined the phrase as "an essential step in the normal operations of" a defendant employer. *Id.* at 888. Applying this test, the *Montgomery* Court held that the employee of a trucking firm which had contracted with defendant, a lead ore mining and processing firm, to load and transport ore between defendant's plants was doing work which constituted defendant's "usual course of business." *Id.* In *Bailey v. Morrison-Knudsen Company*, 411 S.W.2d 178 (Mo.1967), the court similarly defined the phrase as acts "essential to get the work done." *Id.* at 180. The *Bailey* court held that plaintiff, a pilot for a helicopter service who was injured while transporting personnel of defendant construction company to construction sites, was performing acts essential to the construction jobs and, thus, was performing the "usual business" of defendant. *Id.* Finally, in *Wallace v. Porter DeWitt Construction Company*, 476 S.W.2d 129 (Mo.Ct.App.1971), the court surveyed the various definitions and found a "commercial function" analysis to be the most helpful. *Id.* at 134. Under this analysis, the *Wallace* court asked whether:

> [t]he work in which [plaintiff] was engaged ... enter[ed] directly into the commercial function of [defendant's] usual

business, [or] merely afforded facilities and causal convenience for the conduct of the business in which [defendant] was engaged.

*Id.* However, the *Wallace* court stated that it was necessary to undertake this "onerous judicial chore" only where the facts entered "the twilight zone of peripheral operations associated with the principal contractor's operation." *Id.* at 132. This "twilight zone" is in contrast to the "obvious areas of statutory employment" such as where:

the task delegated to the independent contractor is an essential element of the statutory employer's usual business which the latter also *executes with his own equipment and direct employees* . . . .

*Id.* (emphasis added). In *Wallace*, the plaintiff was an employee of an oil refinery and was injured while in the process of delivering gasoline to defendant's construction site. The *Wallace* court found that the plaintiff was not a statutory employee of the defendant because their relationship was more akin to that of a buyer and seller and because the plaintiff "was not to work in or participate in the actual operation of the usual business" of the defendant. *Id.* at 134.

Applying these principles to the facts of this case, it is the opinion of this Court that plaintiff was engaged in an activity which constituted the usual business of defendant. Plaintiff's own deposition testimony, as well as defendant's affidavit, obviate any issue of fact on this element. Defendant manufactures and sells cans. The activity of plaintiff at the time of the accident was unloading empty wooden pallets from his truck and guiding them onto a conveyor into defendant's plant. Plaintiff stated in his deposition that defendant's employees regularly worked beside him in this activity and were working beside him at the time of the accident. In addition, defendant provided plaintiff with the hook that he used to guide the pallets onto the conveyor. These facts fall into the "obvious area [ ] of statutory employment" identified in *Wal-*

*lace.* Plaintiff was carrying on an activity which defendant executed with its own equipment and direct employees. There can be no serious question that the process of feeding empty wooden pallets into defendant's plant, so that they could be loaded with cans for shipment to its customers, is part of the usual business of defendant. These facts are distinguishable from the buyer-seller situation that existed in *Wallace.*

The facts of the case at bar are also significantly distinguishable from those in *Ferguson v. Air-Hydraulics Company,* 568 S.W.2d 781 (Mo.Ct.App.1973). In *Ferguson,* the plaintiff was a truck driver employed by A, a trucking firm, and A had a lease agreement with B, a manufacturer of goods, whereby A provided drivers and trucks to B for the purpose of delivering B's goods. The plaintiff in *Ferguson* was injured while helping an employee of the defendant, a buyer of B's goods, unload the truck. The *Ferguson* court held that the plaintiff was not the defendant's statutory employee because the relationship between B and the defendant was that of "buyer and seller rather than one of contract to unload . . . ." *Id.* at 136. In the case at bar, however, the relationship between Manufacturers Cartage Company and defendant was not that of a buyer and seller of goods, but that of delivering defendant's goods to its customers and of returning defendant's pallets to its plant, a relationship that obviously included unloading. This latter relationship encompassed the usual operation of defendant's business.

Accordingly, it is the conclusion of this Court that plaintiff was defendant's statutory employee at the time of the accident in question and that plaintiff's sole remedy against defendant is through Missouri's Worker's Compensation Law. Defendant is entitled to summary judgment in its favor on plaintiff's complaint.